**Belan v. Ward**

530

C.P. of Allegheny County, no. GD02-10738.

*David M. Landay,* for plaintiff.
*John T. Pion* and *S. Manoj Jegasothy,* for defendants.

WETTICK JR., *A.J.,* August 3, 2004—The subject of this opinion and order of court is plaintiff's motion to compel a treating physician, who has been sued for professional negligence, to answer questions at his or her discovery deposition relating to whether the treatment provided to the plaintiff met an accepted standard of professional care.

It is the position of plaintiff's counsel that, as long as there is any possibility that the treating physician may offer expert testimony at trial on the quality of care the patient received, counsel may fully question the treating physician about this matter. According to plaintiff, the defendant should have a choice: the defendant shall fully respond to deposition inquiries relevant to the standard of care, including information that may enhance counsel's ability to cross-examine the witness, or the defendant shall place on the record that he or she will not be offering any expert testimony as to the standard of care.

Defendant, on the other hand, contends that the scope of the deposition should be limited to information concerning the physician's treatment of the plaintiff. Pa.R.C.P. 4003.5(a) bars discovery of expert testimony other than interrogatories to obtain the identity of each person whom the other party expects to call as an expert at trial, a description of the substance of the facts and opinions to which this expert is expected to testify, and a summary of the grounds for each opinion. The treating physician should enjoy the same protections as any other

expert witness, at least until defense counsel identifies the treating physician as an expert witness who will present testimony on the standard of care. Prior to the decision being made that the treating physician will offer such expert testimony, questions relating to the standard of care directed to this witness are irrelevant.

My ruling on plaintiff's motion to compel is based on my opinion in *Feyes v. Gehl,* 134 Pitts. L.J. 55 (1985), addressing the scope of a deposition of a treating physician, and subsequent appellate court case law addressing issues that I considered in *Feyes.*

I begin by discussing what is not involved in this discovery dispute.

The defendant-physician does not question the portion of my opinion in *Feyes* discussing questions relating to the treatment which a treating physician provided: A treating physician must provide any facts, conclusions, and opinions that would be based in any way on information that he or she may have gained as a treating physician. Also, the discovery rules require an expert witness with first-hand knowledge of the relevant facts to provide detailed factual and opinion testimony that is not required of a specially-retained expert.[1]

Plaintiff does not challenge the portion of my opinion in *Feyes* which states that Pa.R.C.P. 4011(b) bars discovery requests directed to a defendant-physician relating to whether the care and treatment met accepted professional standards if there is no possibility that the

---

1. At oral argument, plaintiff's counsel advised me that counsel for the treating physician had not sought to limit discovery relating to the physician's treatment of plaintiff.

treating physician will be offering any testimony at trial on this matter. Through his motion to compel, plaintiff's counsel only seeks to extend the scope of the deposition to the scope of any testimony that the treating physician may offer at trial.

What is involved in this discovery dispute is limited to whether the treating physician should be permitted to object to discovery regarding the standard of care until counsel for the treating physician determines whether the treating physician will be offering expert testimony on this subject at trial.

Defendant supports his position that discovery should not involve the standard of care by citing the portion of my opinion in *Feyes v. Gehl,* which extended Rule 4003.5(a)'s protections and obligations to a treating physician as to testimony relating to whether the treatment met an accepted standard of care. My opinion assumed that evolving case law would bar a treating physician from offering standard-of-care testimony at trial unless he or she had filed an expert report which met the requirements of Rule 4003.5(a).

In 1987, in *Neal by Neal v. Lu,* 365 Pa. Super. 464, 530 A.2d 103 (1987), the Superior Court ruled that the testimony a treating physician may offer at trial is not governed by Rule 4003.5(a). In that case, the trial court permitted the treating physician to testify as to the standard of care, even though he had not been identified during discovery as one of the experts the defense expected to call at trial. The plaintiff sought a new trial because of the defendant's failure to meet the provisions of Rule 4003.5, which require a party, in response to interrogatories, to identify each witness whom the party intends

to call as an expert witness at trial and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of each. The Superior Court ruled that the requirements of Rule 4003.5 do not apply to a party to the litigation because the rule applies only to discovery of facts known and opinions held by an expert acquired or developed in anticipation of litigation. Since the protections of Rule 4003.5 do not apply to a party expert, the "litigant can probe the expert knowledge and opinions of his or her opponent before trial by more direct and comprehensive means than those . . . afforded by Rule 4003.5. The ability to discover the potential expert testimony of a party witness, either by propounding written interrogatories or by taking oral or written depositions, is fettered only by the general limitations that apply to all discovery." *Id.* at 471, 530 A.2d at 107. The court further stated that if a treating physician may not invoke the protection of Rule 4003.5 to avoid full discovery of his expert knowledge, the plaintiff cannot invoke the sanctions of Rule 4003.5 to punish the treating physician for noncompliance. *Id.* at 473, 530 A.2d at 108.

Subsequent appellate court opinions continue to follow *Neal by Neal.* Recently, in *Katz v. St. Mary Hospital,* 816 A.2d 1125 (Pa. Super. 2003), the plaintiffs contended that the trial court erred in permitting the defendant-physician to render medical opinions when he failed to disclose such opinions in response to a pretrial order requiring the defendant to answer expert witness interrogatories. The court, citing *Neal by Neal,* held that the opinions proffered at trial fell outside the scope of Rule 4003.5. Thus, the defendant had not violated the discovery rules. In a footnote, the court stated that the

plaintiffs cannot contend that they were prejudiced because they were free to explore this defendant's opinion through written interrogatories under Pa.R.C.P. 4005, written interrogatories to a party, or a deposition under Pa.R.C.P. 4007.1. *Id.* at 1128 n.2.

On the basis of *Neal by Neal* and its progeny, I find that there is no merit to defendant's position that he is to be treated in the same manner as any other expert witness with respect to expert testimony on the standard of care.

Finally, I find no merit to defendant's position that the discovery permitted by *Neal by Neal* of an expert party who may testify as an expert at trial should occur only after defendant's counsel has made a decision that the defendant will offer expert testimony at trial. *Neal by Neal* and its progeny do not restrict the discovery of this witness to the production of an expert report. The Superior Court opinions expressly provide for the use of any discovery tool, including depositions. The proposal of defendant's counsel that a treating physician attend a second deposition to offer testimony as to the standard of care, once he or she has made the decision to testify as an expert, would impose an unreasonable burden on the other parties to the litigation.

## SUMMARY

Under the Rules of Civil Procedure governing discovery, a treating physician is required to provide any facts, conclusions, and opinions that would be based in any way on actions taken and decisions and observations made as a treating physician. A treating physician must answer any questions relating to whether the medical

536

treatment provided to the plaintiff met an accepted standard of care unless the treating physician has stated on the record that at trial he or she will not personally be offering any expert testimony on this issue. Discovery of a treating physician who has stated on the record that he or she will not personally be offering any testimony relating to the standard of care shall not include questions relevant only to the standard of care.

For these reasons, I enter the following order of court:

## ORDER

On August 3, 2004, it is hereby ordered that plaintiff's motion to compel is granted and defendant, W. Timothy Ward M.D., shall answer questions relating to the standard of care unless within 20 days his counsel files a stipulation that Dr. Ward will not personally be offering any testimony at trial on the issue of the standard of care.